1818.

LANSING
v.
M'PHERSON.

LANSING *against* M'PHERSON and others.

A decree taken *pro confesso* on a bill for a foreclosure of a mortgage, after a sale, and a delay of more than six months, will not be set aside, unless under very special circumstances.

But the sale was opened, the defendant, who was bound to make good any deficiency on the sale, offering 50 per cent. more than was bid, on condition of his depositing that advance with the Register, in eight days, and paying the expenses of the former sale.

*August* 31.       *VAN BUREN*, Attorney General, for the defendant *M.* moved that the biddings metioned in the petition be opened, and the premises sold again; the defendant offering to give 50 per cent. more than was bid at the former sale.

The petition stated, that *Wm. N. Capon*, (defendant,) being indebted to petitioner, and *Samuel M. Lockwood*, (defendant,) in 1,890 dollars, executed a bond and mortgage to them; that *S. M. Lockwood* assigned his interest therein to the petitioner, *M'Pherson*; that the bond and mortgage was exchanged by the petitioner for another mortgage to the plaintiff, and was duly assigned to plaintiff; that the plaintiff filed a bill to foreclose the mortgage, and the petitioner was made a party defendant; that understanding he was made a party for form only, he made no defence; that the mortgaged premises were sold, and purchased by the plaintiff for 240 dollars; that he understands that the plaintiff intends to apply for a decree against him for the residue of the mortgage money; that the decree of sale was on the 22d of *January*, 1817; that the Master's sale has not been confirmed, and no report thereof made, or deed executed, and the Master is dead; that the property was originally purchased by the petitioner and *Lockwood* for 700 dollars; that *Spencer Stafford* offered to pay the debt, on two year's credit, and it was refused; that he did not know, until lately, that the plaintiff, by his bill,

prayed for a decree against him for the deficiency of the money, if any, to arise from the sale of the mortgaged premises; that he has a good and substantial defence on the merits, as he is advised, against such claim. ·

Prayer, that the order for taking the bill *pro confesso,* be vacated, so far as it respects the claim for the deficiency; and that the petitioner be admitted to his defence, and that the biddings be opened, he offering to give fifty per cent. advance on what was bid.

· The *Attorney General* cited *Sugden's Law of Vendors,* 37. 38. and 1 *Johns. Ch. Rep.* 539.

*Henry,* contra, read an affidavit of the plaintiff, stating, that the mortgage assigned to him by *M'Pherson* was for another mortgage and cash paid by the plaintiff for the difference; and the *guaranty of M'Pherson* was endorsed on the mortgage assigned, by which he warranted the premises to be worth 1,311 dollars, 45 cents, and engaged to be responsible for the deficiency, if any, in case the mortgage was foreclosed; that *Stafford* had it in his power, under an order of this court, in *November,* 1815, to have paid the debt; that the mortgaged premises were sold by a Master, on the first of *May,* 1817, for 325 dollars, and bid for by the plaintiff; that *M'Pherson* is in embarrassed circumstances, and the recovery of the difference under the guaranty will be endangered by delay.

THE CHANCELLOR. The defendant, *M'Pherson,* applies for two things; 1. that the decree taken *pro confesso* against him be set aside, on the ground of misapprehension, and that he has a good and substantial defence in respect to the claim against him for any deficiency which may arise on the sale of the mortgaged premises; 2. that the sale be opened upon the terms he proposes.

As to the first point, the delay has been too long to justi-

fy the indulgence, without a very special case made. There must be strong ground, as Lord *Eldon* observed, in *Knight* v. *Young*, (2 *Vesey* and *Bea.* 184.) for opening a decree of this sort. The defendant ought to have stated the nature of his defence, for the plaintiff produces his very engagement to supply the deficiency endorsed upon the mortgage when he assigned it. This part of the motion must be denied.

But I think the sale can be opened without any inconvenience or injury in this case; and justice would seem to require it, especially in favour of a defendant who offers to give fifty per cent. in advance of the purchase money, and who is bound to supply the remainder of this debt unsatisfied by the sale. The plaintiff was here the purchaser, and the sale has not been confirmed, nor the deed executed.

Sale opened, on condition that the defendant *M'Pherson* deposit with the Register, within eight days, an advance of 50 per cent. on the sum of 325 dollars, which was bid by the plaintiff, and on his paying the plaintiff the expense he incurred of the former sale.

*Decree accordingly.*