600        COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,        Sinnett *et al. vs.* Cralle's adm'r *et al.*        1871.

# Charleston.

A. P. SINNETT *et al. vs.* R. K. CRALLE'S ADM'R *et al,*

January Term, 1871.

1. It is error to decree the sale of the whole of a tract of land subject to the widow's dower, when it appears that there is a vendor's lien on a one-twelfth interest thereof. The one-twelfth interest should have been sold free from dower.

2. A case in which a sale under a decree should have been set aside, because of great inadequacy of price.

3. The provision of section 8 of chapter 132 of the Code of West Virginia, does not refer to an order made confirming a sale under a decree, but to the decree or order under which the sale was made; and hence the purchaser in the case at bar cannot be protected, the decree for sale being erroneous.

4. W. files a bill to enforce judgment lien against C. The bill alleges that after the judgment was rendered, C. obtained an injunction against the judgment, giving Cl. and T. as sureties in the injunction bond. That the injunction was dissolved and the bill dismissed. The bill seeks the sale of the real estate of C. only. HELD:

> That a personal decree against Cl. for a balance of the judgment, after exhausting the estate of C., would be proper. When a court of equity once gets control of a case, it should not stop until all the rights of all the parties are settled. But a decree for the sale of the real estate of Cl. is erroneous under the bill of W.

Samuel J. Wyatt filed a bill in the circuit court of Greenbrier county, at July rules, 1866, to enforce a judgment lien against the estate of one R. K. Cralle. The judgment had beeen obtained in 1859. The bill represented

that Cralle had obtained an injunction against the judgment shortly after its rendition, which had been dissolved, and the bill dismissed in 1861. John B. Cabell and Samuel S. Thompson were sureties in the injunction bond. It alleged that Cralle died seized of a large body of land, composed of several tracts.

In November, 1866, A. P. Sinnett and wife also filed a bill against the estate of Cralle to enforce a vendor's lien, amounting to 750 dollars, and interest from 1855, against a certain one-twelfth interest in land known as the "Buster tract."

The causes were heard together, and in April, 1867, a decree was entered, assigning dower to the widow of Cralle in "the lands of which her husband died seized," and commissioners were appointed accordingly.

In November, 1867, the report of the commissioners who had assigned dower was confirmed, and a commissioner was appointed to sell the lands of Cralle, "the sale of the dower lands shall be subject to the dower right of the widow of said Cralle."

The decree further provided that one-twelfth part of the proceeds of the Buster land should be applied to the payment of the debt of Sinnett; and contained other provisions for the payment of judgment liens, &c.

The commissioner reported that he had sold the lands in lots, (as he was authorized to do by the decree of sale), and that the aggregate of the sales amounted to 2,520 dollars. The Buster tract sold for 2,100 dollars, in addition to the above, and was sold subject to the widow's dower. The aggregate number of acres, exclusive of the Buster tract, was 1,708.

Exceptions were taken to the report on grounds of great inadequacy of price, but the report was received, and subsequently the sale was confirmed. On the question of inadequacy of price the affidavits of ten persons were filed, who believed the land to be worth from 10 to 15,000 dollars. Four other persons believed the land sold for its value.

At the October term, 1869, a decree was entered against Cabell and Thompson, the sureties in the injunction bond, for the balance of the Wyatt judgment, viz : 864 dollars and 73 cents, remaining unpaid after the application of the funds derived from the sale of Cralle's estate, and a sale of Cabell's real estate ordered in the event of a failure to make the money by execution, which was awarded.

Sinnett and Cabell appealed to this court.

Hon. N. Harrison, Judge of the circuit court of Greenbrier, presided at the hearing of the causes.

*Samuel Price* and *B. H. Smith*, for the appellants.
*Snyder* for the appellees.

MAXWELL, J.   Sinnett and wife filed their bill to enforce a vendor's lien, against the one undivided twelfth part of a tract of land, sold by Emma Schenck to R. K. Cralle.

Wyatt filed his bill to enforce a judgment lien against all the lands of the said Cralle, in the hands of his descendants·

The two causes came on to be heard together, when a decree was rendered to sell all the lands of which the said R. K. Cralle died seized, under which they were afterwards sold.

It is insisted that the court should have laid off one-twelfth part of the tract known as the "Buster land," and caused it to be sold separately, to satisfy the vendor's lien held by Sinnett. This lien was upon one undivided twelfth part of the tract known as the "Buster land," but the decree provided that the one-twelfth part of the proceeds of the sale of the "Buster land" should be applied to the payment of this lien. The decree provided for laying off and assigning to the widow of Cralle her dower in all the lands of which he died seized. How the dower was laid off is not intelligible in the record, but it appears that the Buster tract was sold subject to her dower. She was not entitled to dower in the one-twelfth part of it on which Sinnett and wife have

COURT OF APPEALS OF WEST VIRGINIA.    603

Jan'y Term,      Sinnett *et al.* *vs.* Cralle's adm'r *et al.*      1871.

a vendor's lien, except in the surplus after the payment of said vendor's lien, and that portion of it should have been sold free from dower. This could not be done without having that much of the tract laid off to itself and sold separately.

It is claimed that the court erred in refusing to set aside the sale made of the land, in consequence of the inadequacy of the price for which it was sold. It is quite clear from the weight of the evidence, that the sale was for a greatly inadequate price, and that it should for that reason have been set aside.

It is insisted here for the purchasers, that the sale cannot be set aside by this court, in consequence of the protection of the 8th section, of chapter 132, p. 630, of the Code. That section provides that, if a sale of property be made under a decree or order of a court, and such sale be confirmed, though such decree or order be afterwards reversed or set aside, the title of the purchaser at such sale shall not be affected thereby.

This language does not refer to the order made confirming the sale, but to the decree or order under which the sale was made, and the purchasers cannot be protected by it in this case.

It is objected that the personal decree rendered against Cabell is erroneous. If the sale had been properly confirmed, it would have been regular to decree against Cabell for the balance of the debt due Wyatt, which remained after the application to it of the proceeds of the sale of the land. When a court of equity once gets control of a case, it should not stop until all the rights of all the parties are settled. But the decree for the sale of the land belonging to Cabell, would not be warranted under the bill of Wyatt, if the sale were regular and allowed to stand.

The decree of the 23d of April, 1869, confirming the sale, and the decree of October 29, 1869, decreeing against Cabell and Thompson, will have to be reversed at the costs of the appellees, and the decree directing the sale will have

to be so far modified, as to require one-twelfth part of what is called the "Buster tract," to be laid off to itself and sold free from the widow's dower, to satisfy the vendor's lien in favor of Sinnett and wife, and the cause remanded for further proceedings.

The other Judges concurred.

DECREES REVERSED.