CHAUNCEY DEWEY, *et al.*, v. S. K. LINSCOTT.

1. COMPLETE RECORD; *Entire Testimony Preserved.* To enable this court to hold that the entire testimony is preserved in the record, a direct and express assertion to that effect, is not a necessary prerequisite. It is enough, if the fact affirmatively appear from a fair and reasonable construction of the language used therein.

2. ———— Accordingly, where the question for review arises upon the decision of a motion, and the case-made states that the one party filed in support thereof the affidavits of certain witnesses, naming them, and giving the affidavits in full, with caption, signature, and jurat, and the other party in opposition thereto filed the affidavits of certain other witnesses, likewise naming them, and giving the affidavits in full, and that on the hearing of the motion in support thereof the one party

offered and read in evidence said affidavits of said first-named witnesses, naming them, and the other party in opposition thereto offered and read in evidence said affidavits of said last-named witnesses, naming them, and that thereupon the court made its order, etc., it is *held,* that the record with sufficient clearness shows affirmatively that it contains the entire testimony on the motion.

3. SETTING ASIDE SHERIFF'S SALE; *Absence of Plaintiff from Sale; Inadequate Price.* Where a mortgagee, who is a nonresident, obtains a decree of foreclosure, and employs an agent to attend at the time fixed for the sale, with instructions to bid up to $740 for the property, and at the day of sale such agent is absent and at another place in obedience to a subpena to attend there as a witness in a criminal trial, and the mortgagee is not otherwise represented at the sale, and the property is bid off by a third party for fifty dollars, and immediately thereafter, and before confirmation, both the mortgagee and mortgagor move the court to set aside the sale, and the former tenders a bid of $725 for the property, and it appears that the property is fairly worth $700 or $800, *held,* that the sale ought to be set aside and a new sale ordered, upon condition that the mortgagee's offer of $725 be held good as a first bid at such new sale.

### *Error from Jackson District Court.*

DEWEY, as plaintiff in a foreclosure action, recovered a judgment against *Sarah M. Orcutt,* and *Thomas M. Orcutt,* defendants. The mortgaged premises were sold under the decree of foreclosure, and were struck off to *Linscott,* as purchaser. The district court, at July Term 1877, confirmed the sale, and *Dewey* and the *Orcutts* appeal, and bring the case here on error.

*J. G. Slonecker,* and *Guthrie & Brown,* for plaintiffs in error, contended, that the price was grossly inadequate, that the plaintiff was without fault or negligence, and the sale should be set aside — citing, 3 Johns. Ch. 290; 18 Johns. Ch. 611; 24 N. J. Eq. 60; 44 Ill. 398; 11 Iowa, 97; 37 N. Y. 155; 5 Cranch, 314; 7 Wal. 559; 13 Grat. 640; 4 West Va. 600; 63 N. C. 379; 62 Mo. 130, 147; 7 Wis. 224.

*Hayden & Hayden,* for defendant in error, submitted, first, that the record does not show that the testimony is all preserved — citing, 5 Kas. 58, 166; 14 Kas. 377; 16 Kas. 425. Second, the sale was regular, in the usual manner, and made

to a stranger, and as there was neither fraud nor unfairness, mere inadequacy of price was no ground for setting it aside — citing, 10 Kas. 246; 5 Ind. 99; 25 Iowa, 456; 11 Johns. 556.

The opinion of the court was delivered by

BREWER, J.: On the 12th of October 1876, in the district court for Jackson county, plaintiff-in-error Dewey recovered a personal judgment against plaintiff-in-error Mrs. Orcutt, for $661.95, to bear twelve per cent. interest, and with costs of suit. He also obtained a decree against her and her husband for the foreclosure of a mortgage given to secure the debt, and an order for the sale of the mortgaged premises, without appraisement, in satisfaction of said judgment. The property covered by the mortgage was a quarter-section of land in said Jackson county. An order of sale was issued on the 28th of April 1877. Sale thereupon was advertised for June 5th, at two o'clock P. M., at the court-house in Holton, in said county, and at the time and place advertised, the premises were sold to defendant-in-error Linscott, for fifty dollars. Motions were made both by plaintiff and defendants in the action to set aside, and by the purchaser to confirm, the sale. The former were overruled, and the latter sustained; and from this ruling the plaintiffs in error come into the court.

It is claimed that the price was grossly inadequate, and that the plaintiff, without any fault on his part, lost the opportunity of bidding at the sale. The motions were heard upon affidavits, and a preliminary question is raised by counsel for defendant in error. They insist that the record does not affirmatively show that all the testimony received on the hearing of said motions has been preserved, and that therefore this court cannot say whether the district court erred in its rulings thereon. It is not stated in express words that all the testimony is preserved; but as said in *Moody v. Arthur*, 16 Kas. 425, that is not always necessary. If the case-made is so prepared that it is clear that all the testimony is in it, that is

*Statement of the case.*

*1. Complete record. Entire testimony.*

sufficient. We never presume that it is all preserved. The fact must some way be shown. The presumption is in favor of the correctness of the ruling by the district court; and before we can say it erred, it must be shown to us that we have all before us, that was presented to it. Yet we indulge in no nice technicalities; we require no set phrase. Anything which makes it apparent that the whole case is here, and all the testimony preserved, is sufficient. Now these motions were heard upon affidavits. The case-made states that the parties respectively, in support of their several motions, filed the affidavits of certain persons, naming them, and giving the affidavits complete, with signature, and jurat, and on the hearing of the motions that they "introduced and caused to be read in evidence the said above affidavits" of the various parties, naming them, and then adds: "And thereupon the court made an order," etc. The case-made is served, an admission placed in writing thereon by opposing counsel of its correctness, and it is duly certified to by the district judge. Does it sufficiently appear that all the evidence is preserved? We think it does. An affidavit is a complete thing. Like a deed, it speaks for itself, and shows by its caption, its signature, and jurat, that the commencement and the close are there; and an admission that it is correct, is an admission that the entire affidavit is preserved. Unlike the narration of the testimony of a witness on a trial, which carries upon its face no evidence of its termination, an affidavit tells when it is finished. And the affidavit, carrying on its face evidence of its termination, furnishes an equivalent to the statement lacking in *Moody v. Arthur*, supra, that "here the defendant rested." Further, the case-made says, that "thereupon the court made an order," etc. Now "thereupon" signifies sometimes, "upon this, or that," and sometimes, "immediately; at once; without delay." (Webster's Dictionary.) If the former be the sense in which it is here used, then it means that upon the testimony named the court ordered; and if the latter, then that immediately upon the reading of these affidavits, and without anything

intervening, the court ordered, etc. In either sense therefore, it indicates that the court's order was based upon the affidavits offered, and nothing else. We conclude therefore that a fair construction of the case-made shows that the entire testimony is before us, and that it is our duty to examine and decide the questions raised upon such testimony.

And upon that testimony we think the sale should have been set aside, and not confirmed. The sale was made for fifty dollars. We see no valid objection to the regularity of the proceedings, the acts of the officer, or the conduct of the

3. Setting aside sheriff's sale. Inadequate price.

purchaser. But the price was grossly inadequate. Four witnesses testify as to the value of the premises. One places it at $750; a second, at $1,100; a third, at $600; and a fourth, at $800. There was no contradictory testimony. Furthermore, the plaintiff's instructions were to bid as high as $740 at the sale, and he offered on the hearing of the motions to give $725. Evidently a great hardship will inure to both plaintiff and defendants if this sale is permitted to stand. The plaintiff's mortgage is lost to him, and the defendants' debt not paid, while a stranger, for a mere song, obtains that which would have satisfied the mortgage, and paid the defendants' debt. It is doubtless true, as stated by counsel, that where the sale is in the usual manner, and the purchase is made by a stranger to the suit, mere inadequacy of price is not sufficient cause for setting aside the sale, depriving the vendee of his purchase, unless the inadequacy is so great as to be evidence of fraud or unfairness in the sale. *Moore v. Pye*, 10 Kas. 254. So that if there appeared nothing else in the case than this gross inadequacy of price, it might not call for any interference by the court. But here it appears that the plaintiff intended to purchase, and failed therein through

Unavoidable absence of party, at sale.

what cannot be considered culpable negligence. The facts are these: The plaintiff, Mr. Dewey, was a nonresident of Kansas, and his attorney, Mr. J. G. Slonecker, was a resident of Topeka. Mr. Slonecker, finding himself unable to be present at the time and place of sale,

wrote to Mr. A. D. Walker, a resident of Holton, requesting him to act for Dewey at the sale, and in his behalf to bid up to $740 for said property. Mr. Walker promised to do so if he was at home, but said he might be absent. Mr. Slonecker then authorized him to employ some suitable person to attend the sale and bid for Dewey. Mr. Walker said he would see the matter attended to, and did employ Mr. A. H. Williams for that purpose. Williams agreed to perform the service in accordance with the instructions already sent to Walker. Dewey and Slonecker relied upon him to do so. On the day of the sale Walker was away from home, and Williams was called to an adjoining county by the process of subpena as a witness in a pending criminal case. Mr. Dewey, therefore, was not represented at the sale at all, and the property was struck off to Mr. Linscott, as heretofore stated.

Now if the plaintiff, being present at the sale, had made no bid, or if aware of the day of sale he had made no effort to attend, or be represented, or had been culpably negligent in his efforts therefor, or if after sale he had unreasonably delayed in making his application to the court, so that there was in fact nothing but the mere inadequacy of the price as a ground for his application, the court might perhaps fairly say that there was no ground for interference; or, if, after making the preparations he did, and the failure had resulted in the manner it did, the price was not so vastly disproportionate to the value, the court might refuse to disturb the sale. But where a party makes reasonable efforts to be represented at a sale, in which as mortgagee he is especially interested, and intends and has given instructions to bid to something like its value for the property, and the agent employed is by judicial process called away at the time of the sale, and the property is sold at a grossly inadequate price, and immediately thereafter, and before confirmation, both mortgagee and mortgagor come into court and ask to have the sale set aside, and the former tenders a bid of apparently the real value, it seems to us that the court should, having due regard to the interests of all concerned, parties and pur-

chaser, set aside the sale, and order a new sale with the mortgagee's offer as the first bid thereon. This last should be made a condition of setting aside the sale, in order that the rights of the mortgagor may be protected. For while, where appraisement is waived property may be sold for whatever it will bring, yet a court of equity will always where it has any discretion so exercise it as to secure what is just and fair; and it is just and fair that the mortgagee seeking a new sale should agree to bid for the property, and bid its reasonable value. Then if he obtains the property he has only given what it is worth; and any way, the mortgagor, who loses his property, has his indebtedness *pro tanto* canceled and paid. The purchaser gets his money back; and all that he has lost is the chance of a big speculation. A reference to the authorities sustains these conclusions.

In the case of *Williamson v. Dale*, 3 Johns. Ch. 290, the plaintiffs were innocently misled as to the day of sale, and so were not present. There was no imputation of unfair intention on the part of the adverse party, nor of unfair conduct at the sale. The property was estimated to be worth $12,000. It was bid off at $2,700, subject to a prior lien for a like amount. The sale was set aside.

In *Lansing v. McPherson*, 3 Johns. Ch. 424, the property was worth $700. It was struck off to the plaintiff for $240. The defendant, before confirmation of the sale, offered an advance of fifty per cent. upon the bid, and it was held sufficient ground for setting aside the sale.

In *Bixley v. Mead*, 18 Wend. 611, the plaintiff had employed an agent to attend the sale and bid in the property for him. The agent forgot to do so. A relative of the defendant bid it in for $26. It was worth $1,000. The defendant was insolvent. The sale was set aside.

In *Griffith v. Hadley*, 10 Bosworth, 587, the defendant's attorney made a mistake as to the day of the sale. The property sold greatly under value, and after little, if any competition. Held to constitute a case of surprise, which, coupled with the inadequacy of price, justified setting the sale aside.

In *Wetzler v. Schaumann*, 24 N. J. Eq. 60, the petitioner, who held the equity of redemption, was innocently misled as to the day of the sale, and was thus prevented from attending. The premises sold for about sixty per cent. of their value. Held to be such a case of surprise, coupled with such inadequacy of price, as justified setting the sale aside.

In *Collier v. Whipple*, 13 Wend. 224, the judgment-creditors had instructed an agent to attend the sale and bid in the property, which instructions were communicated to the master. On the morning of the day of sale the master called at the agent's office, and after a conversation about the matter, went away leaving the agent under the impression that the sale would not take place. It was deemed a strong case of surprise, and the sale was set aside.

In *Hoppock's Ex'rs v. Conklin*, 4 Sandf. Ch. 582, the defendant in a foreclosure suit, liable for any deficiency, intended to be present at the sale and bid for his own protection, but was prevented from doing so by being detained at court as a juror. He applied to the court to be excused, but the court declined to excuse him. Thereupon he wrote to an agent, pecuniarily able to do so, to bid in the property for him. The letter reached the post-office of the agent the day before the sale, but the agent did not get it till an hour after the sale. The property was bid in by the complainants for a third of its value, leaving a large deficiency. The court ordered a resale. See also, *Swope v. Ardery*, 5 Ind. 213; *Dutcher v. Leak*, 44 Ill. 398; *Ontario Bank v. Lansing*, 2 Wend. 260; *Boyd v. Ellis*, 11 Iowa, 97; *Sinnett v. Crall's Adm'rs*, 4 West Va. 600; *Wood, Adm'r, v. Parker*, 63 N. C. 371; *Vail v. Jacobs*, 62 Mo. 130; *Stoffel v. Schroder*, 62 Mo. 147; *Oraine v. Smelson*, 15 Ala. 423; *McLean Co. Bank v. Flagg*, 31 Ill. 295.

The order of the district court will be reversed, and the case remanded with instructions to overrule the motion to confirm, and to sustain the motion to set aside the sale, upon the condition that the plaintiff, the mortgagee, stipulates to continue his offer of $725 at the new sale.

All the Justices concurring.