P. C. WEIR v. THE TRAVELERS INSURANCE COMPANY.

SHERIFF'S SALE, *Properly Set Aside.* Where an order of sale is issued without the authority or knowledge of the judgment creditor or any of his attorneys, and the creditor has no knowledge of the day of sale, and the attorneys of the creditor testify they had no notice thereof, and the attorneys are not present at the sale, and the real estate is bid in by one of the judgment debtors under the direction of his wife, for and in her name, at a grossly inadequate price, the district court is justified in setting the sale aside.

*Error from Greenwood District Court.*

THE plaintiff in error, *P. C. Weir,* brings to this court for review an order of the district court, made at the May Term, 1883, setting aside a sheriff's sale made to her of certain real estate. In the opinion is a sufficient statement of the facts.

*Clogston & Fuller,* for plaintiff in error.

*Chas. J. Peckham,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.:   This proceeding is brought by the plaintiff in error to review an order of the district court of Greenwood county, setting aside a sale made to her of certain real estate upon a special execution issued out of the court upon a judgment rendered in favor of the Travelers Insurance Company against Ida B. Weir, S. A. Weir, and John S. Michols.   The judgment was rendered August 29, 1882, for the sum of $453.54, with costs.   Under the judgment the premises were to be sold without appraisement, and the sale thereof was made on April 16, 1883, to plaintiff in error, for the sum of $50.   The premises consisted of a quarter-section of land worth between $160 and $240.   The real estate was bid off by one of the judgment debtors, S. A. Weir, the father of Ida B. Weir, under the direction of his wife, P. C. Weir, the plaintiff in error.   The sale was set aside upon the condition that the judgment creditor, at another sale, bid $500 for the premises.   This bid the insurance company offered subsequent to the sale, and was willing to continue to keep good.

Under the facts presented, it certainly must be conceded that the order of the court below is fair and equitable, if, in the exercise of a sound judicial discretion, it had the power to make the order complained of.   If there appeared nothing else in the case than the mere inadequacy of price, this would not be a sufficient cause for setting aside the sale, and thereby depriving the vendee of her purchase.   The question arises, whether the order of sale was issued with the authority and knowledge of the judgment creditor — the Travelers Insurance Company. It appears from the record, that the insurance company — plaintiff below—was represented by C. J. Peckham and T. L. Davis, as its attorneys; that Davis attended to the case in

court, and took judgment. On September 12, 1882, Davis filed a precipe with the clerk of the court, directing that an order issue to sell the real estate upon which the judgment was a lien. Upon this precipe an order was issued, and the sheriff advertised the land for sale. On the day of the sale, Davis went to the clerk's office and stated to him, in the presence of the sheriff, "that he had overlooked the fact that the land was to be sold without appraisement, and therefore it could not be sold for six months after judgment; that as six months had not yet elapsed, he requested the clerk to recall the execution and say nothing about it." What further took place between Davis and the clerk is a matter of difference. The clerk states, "that at the time he was ordered by Davis to recall the execution, Davis verbally directed him to issue another execution as soon as the six months had expired after the rendition of judgment." The sheriff was present at the conversation, and testified "that he could not recollect with certainty what Davis said about the issuance of another order of sale." Davis's recollection of the conversation is, that "he did not tell the clerk to issue another order of sale at the expiration of the six months, but told him when the six months had expired, he would order out another." The motion to set aside the sale was heard largely upon oral testimony, and the rule is as applicable in this as in other cases, that the finding of the court is conclusive where there is evidence to support it. (*Hobson v. Ogden,* '16 Kas. 388;' *Kunkel v. Railway Co.,* 17 id. 145.)

It is evident, from the ruling of the trial court, that the court believed the recollection of Davis to be the best, and relied thereon; and therefore the trial court found that Davis did not verbally direct the clerk to issue, at the expiration of six months, a second order of sale. The clerk recalled the order of sale issued upon the precipe filed September 12, 1882, and without any further precipe being filed, on March 8, 1883, issued the second order of sale. Under the ruling of the court, we must conclude that this order of sale was issued with-

out the authority or knowledge of the insurance company or any of its attorneys.

Further than this, it appears in the case that on the 5th day of March, 1883, a few days prior to the issuance of the order upon which the sale was made, C. J. Peckham, one of the attorneys of record of the insurance company, went to the office of the clerk of the district court at Eureka, for the purpose of examining the proceedings in the case, and if found correct to order a special execution to enforce the judgment; that the clerk, J. S. Stewart, was absent from his office, but had left the same in charge of his deputy, H. C. Rizer; that Peckham advised Rizer "he was the attorney of the insurance company, and requested to see the records and files in the case," which were exhibited to him by the deputy; that Peckham, upon an inspection thereof, discovered the judgment was irregular as to one of the defendants in the case, John S. Michols, and thereupon "advised the deputy clerk of such fact," stating, also, to the clerk, "that he had intended to order an execution issued upon the judgment, but finding error in the proceedings, could not do so, but would be compelled, at the next term of court, to have the judgment set aside and leave given to amend the petition;" and thereupon he received from the deputy clerk the papers in the case for the purpose of using them in preparing an amended petition. This all occurred before the second execution was issued, and the statements of Peckham to the deputy brought the knowledge thereof to his principal, the clerk of the court. Thereafter, the clerk had no authority to issue any execution or order of sale until directed so to do by the insurance company or some one of its attorneys.

There is some evidence in the case that on the day of the sale the defendant, S. A. Weir, met Davis at Eureka and told him "that this was the day of the sale," and Davis answered "that he had forgotten it;" but Davis testifies "that he did not notice the advertisement of the sale in the Eureka newspapers, and that he did not have any notice or knowledge of

the sale, until after it had taken place; that if he had known of it, he would have attended it." Peckham, the other attorney, also testifies "that he did not know that an execution had been issued until after the sale was made; that if he had known of it, he would have been present to have protected the interests of the insurance company."

Considering the whole case, we do not think that we ought to interfere with the ruling of the court below. (*Dewey v. Linscott*, 20 Kas. 684.)

The order of the district court will be affirmed.

All the Justices concurring.