Enoch M. O'Bryen v. The Hays Land and Invest-
ment Company.

No. 16,037.

Evidence—*Judgment—Objection—Presumption.*    A judgment
having been offered in evidence, a specific objection to it was
made and sustained.   On review it was held that the objection
was untenable, and that it could not be presumed in support
of the ruling made that some other ground of objection ex-
isted which was not shown by the record.

Error from Kearny district court; William H.
Thompson, judge.   Opinion filed June 5, 1909.   Re-
versed.

*C. T. Clark,* and *William Easton Hutchison,* for the
plaintiff in error.

*Lee Monroe,* and *George A. Kline,* for the defendant
in error.

*Per Curiam:* It is conceded that the material facts
of this case are the same as in *Doyle v. Hays, ante,* p.
209, with the exception now to be noted: In the Doyle
case the record stated the nature of the pleadings, affi-
davit for service by publication, the publication notice
and the printer's affidavit of publication in the action
wherein the judgment in Puckett against Forsythe,
pleaded and offered in defense, was rendered.   Here
the defendant, O'Bryen, offered the same judgment
and the same papers in evidence, but the case-made
does not show the nature of the papers offered further
than appears from the description just given.   When
the Puckett judgment was offered in evidence the plain-
tiff made the following objection, which was sustained
at the conclusion of the case:

"To the introduction of which the plaintiff objects
on the ground that the same is immaterial, because it
fails to bind the parties through whom the plaintiff
acquired title to the note and mortgage sued on in this

action, none of them being made parties defendant in said action."

This being the only objection offered and the one sustained, it must be presumed that the court rejected the evidence for the reasons stated therein, and not, as the plaintiff suggests, because the notice or publication thereof *may* have been insufficient. While it is true that a reversal can not be directed unless error affirmatively appears in the record, the presumption of regularity will not be carried to the extent of holding that a judgment to which only one objection was made, and which is not shown to be subject to any other, was in fact rejected because of some other reason not in any manner disclosed or suggested by the record.

It is also urged that the record does not show that other evidence was not offered which may have shown that the judgment was void. This claim can not be sustained, in view of the fact that the judgment was rejected upon a specific objection clearly stated. Although perhaps unnecessary, we are constrained to hold that the record fairly shows that it contains all the evidence, although it is not so stated in precise terms. The evidence contained in the case-made in the Doyle case and in this consists wholly of admissions made and documents read, and appears to fall fairly within the rule stated in *Dewey v. Linscott,* 20 Kan. 684, which was not departed from in *McCormick v. Fromme,* 69 Kan. 857, and other cases cited by the plaintiff. (See, also, *Lewis v. Linscott,* 37 Kan. 379.)

As the defendant held possession and claims title under the same judicial records as the defendant in the Doyle case, the judgment is reversed, and the cause remanded for a new trial.