AMARIAH E. CAPEN & another *vs.* LUCIAN SKINNER & another, executors.

Norfolk. Jan. 28.— March 9, 1885. DEVENS, W. ALLEN, & COLBURN, JJ., absent.

Under the Pub. Sts. *c.* 156, § 9, giving this court power to allow a probate appeal to be entered where a party aggrieved by a decree of a Probate Court omits to prosecute it, "without default on his part," and where "it appears that justice requires a revision of the case," a justice of this court, on a petition for leave to enter an appeal from a decree admitting an instrument to probate as a will, found that the party was not in default, and reported the case for the consideration of the full court, stating that the petitioner's evidence tended to show that the testator was of unsound mind at the time of executing the will, and that the respondent put in evidence to the contrary; and that the judge ruled that the petitioner was bound to show more than that the case was a debatable one, and such as might fairly have been submitted to a jury, if duly entered; that the petitioner should prove to the satisfaction of the court that justice required a revision of the case; and that the evidence of the petitioner failed to do this. *Held,* that no error appeared.

PETITION, under the Pub. Sts. *c.* 156, § 9, filed September 5, 1882, for leave to enter an appeal from a decree of the Probate Court, admitting to probate certain instruments as the will and codicil thereto of Ebenezer W. Capen. Hearing before *Devens,* J., who reported the case for the consideration of the full court, in substance as follows:

The will and codicil were admitted to probate on May 17, 1882. From this decree the petitioners claimed an appeal on June 16, 1882. This appeal should have been entered on August 7, 1882. The attorney of the petitioners was employed to attend to the matter. By a mistake made by the register of probate, he failed to enter the appeal. He did not compute by the calendar until July, 1882, in which month he ascertained his mistake.

The respondents contended that these facts showed that the petitioners were in default; but the judge ruled that, as the petitioners seasonably employed counsel, they were not in default.

On the question whether justice required a revision of the decree of the Probate Court, the petitioners offered evidence tending to show that the testator was of unsound mind at the time of executing the will and codicil, and was unduly influenced in making the same. The respondents put in evidence to the contrary. The judge found, upon the whole evidence, that justice did not require that there should be a revision of the finding of the judge of the Probate Court; and ruled that the petitioners were bound to show more than that the case was a debatable one, and such as might fairly have been submitted to a jury, if duly entered, and that they should prove to the satisfaction of the court that justice required a revision of the case; and that the evidence of the petitioners failed to do this; and dismissed the petition.

*T. L. Wakefield,* for the petitioners.

*W. Gaston & J. S. English,* for the respondents.

MORTON, C. J. The statute upon which this appeal is founded provides that, " if a person aggrieved omits to claim or prosecute his appeal, without default on his part, the Supreme Court of Probate, if it appears that justice requires a revision of the case, may on the petition of the party aggrieved, and upon such terms as it deems reasonable, allow an appeal to be entered and prosecuted with the same effect as if it had been done seasonably." Pub. Sts. *c.* 156, § 9.

The statute was designed to prevent delay in settling estates by prolonging controversies in regard to them. A petitioner is required to prove, to the satisfaction of this court, not only that

there is no default on his part, but that substantial justice requires a revision of the case. The second issue is a very broad one, and it was the intention of the statute to vest in the court a very broad discretion.

It is manifestly impossible to lay down any general rule to govern the exercise of this discretion, which would apply to all cases. The circumstances of cases necessarily differ. It may appear that the amount involved is very small, and that the appeal is prosecuted from will and temper, or that the appeal is founded upon a clearly erroneous view of the law, or that the evidence upon which the appellant relies is frivolous, and such as would not justify a finding in favor of the appeal. The justice who hears the petition is bound to go further than merely to inquire whether the appellant has a case supported by some testimony which he wishes to present to the court or jury; he is bound to inquire whether, upon the facts proved, substantial justice requires a revision of the decree of the Probate Court. We do not mean to imply that it is the duty of the presiding justice to try the case fully upon its merits. But he ought to make inquiry so far as to be satisfied that there is a substantial controversy which ought to be the subject of a full judicial investigation.

In the case before us, the presiding justice found that the appellants were not in default, but he also found, "upon the whole evidence, that justice did not require that there should be a revision of the finding of the judge of the Probate Court."

As the evidence is not reported, we cannot revise this finding, unless it is shown that the justice, in reaching this result, proceeded upon some erroneous rule of law. The report states that the judge "ruled that the petitioners were bound to show more than that the case was a debatable one, and such as might fairly have been submitted to a jury, if duly entered, and that they should prove to the satisfaction of the court that justice required a revision of the case, and that the evidence of the petitioners failed to do this."

The meaning of this is not, as contended by the appellant, that, under the statute, a petitioner is in every case required to try his case upon the merits, and to satisfy the court that his reasons of appeal are sustained. It was not intended as the

statement of a general rule of law, which is to govern the discretion of the court in all cases, but as a ruling applicable to this case; and its scope is, that the petitioner in this case is not entitled, as of right, to a decree in his favor, because he has shown that the case was a debatable one, which, if he had duly entered his appeal, would have been submitted to a jury. The question whether a case is " debatable," though one of the elements, is not the test of a petitioner's right to revision. There may be many facts which show that, though a case is debatable, justice does not require that it should be reopened and revised.

We see no error in the ruling of the presiding justice, and, as we have before said, the evidence not being before us, we cannot revise his findings of facts. *Petition refused.*