HOWARD L. MERRIMAN ET AL. v. ERASTUS PECK, CIRCUIT
JUDGE OF JACKSON COUNTY

[See 95 Mich. 277.]

*Appeal from probate court—Failure to file record—Dismissal—
Allowance of new appeal—Laches.*

| 96 | 603 |
| 105 | 306 |
| 96 | 603 |
| 115 | 171 |
| 96 | 603 |
| 117 | 21 |
| 96 | 603 |
| d125 | 185 |
| 96 | 603 |
| 138 | 19 |
| 96 | 603 |
| f152 | ³212 |
| 96 | 603 |
| 158 | ³ 20 |
| f158 | ³401 |

1. How. Stat. § 6784, which provides that if any person aggrieved
by any act of the judge of probate shall, from any cause,
without default on his part, have omitted to claim or prosecute
his appeal according to law, the circuit court, if it shall appear
that justice requires a revision of the case, may allow an
appeal to be taken and prosecuted with the same effect as if
it had been seasonably done, gives the aggrieved party the
right to petition for leave to appeal where he has failed either
to claim or to prosecute an appeal.

2. The fact that an appeal has ceased to be of effect because of
the failure of the appellant to file a copy of the proceedings
appealed from in the circuit court within 30 days after the
appeal was taken, as required by Act No. 174, Laws of 1887
(3 How. Stat. § 6782), will not prevent the circuit court from
allowing an appeal to be taken and prosecuted under How.
Stat. § 6784.

3. Where an appellant employs an attorney in regular standing,
and does all that he is required by the advice of his attorney
to do to perfect his appeal, he ought not to lose his right to
an appeal through the neglect or oversight of the attorney,
where justice requires a revision of the case.

*Mandamus.* Argued June 27, 1893. Denied July 26,
1893.

Relators applied for *mandamus* to compel respondent to
vacate an order permitting an appeal to be taken from an
order admitting a will to probate. The facts are stated
in the opinion, and in 95 Mich. 277.

*Barkworth & Blair, Smith & Ware,* and *Austin Blair,*
for relators.

*Eugene Pringle* and *Wilson & Cobb,* for respondent.

MONTGOMERY, J.   This is an application for a *mandamus*
to compel the respondent to vacate an order permitting
an appeal to be made from an order admitting a will to
probate, under section 6784, How. Stat.   It appears that
a previous appeal had been taken by the contestant, Dwight
Merriman, and that by reason of his failure to file his
record in the circuit court within the time allowed by
section 6782, 3 How. Stat., the appeal was dismissed.[1]
Section 6784 provides that—

"If any person aggrieved by any act of the judge of
probate shall, from any cause, without default on his part,
have omitted to claim or prosecute his appeal according to
law, the circuit court, if it shall appear that justice requires
a revision of the case, may, on the petition of the party
aggrieved, and upon such terms as it shall deem reason-
able, allow an appeal to be taken and prosecuted with the
same effect as if it had been done seasonably."

It is contended by the relators that the words " or prose-
cute" must be construed to refer to the proceedings in the
probate court; but we do not think the statute open to
this construction.   The appeal referred to is very plainly
an appeal from the determination of the judge of probate,
and we think the language susceptible of but one interpre-
tation, so that by the very terms of section 6784 an
aggrieved party has the right to petition for leave to appeal
either where he has failed or omitted to claim an appeal,
or has failed or omitted to prosecute his appeal.

A more serious question is whether section 6782 amends
this section by implication, so as to take away the right
to an appeal, upon a showing such as is required by sec-
tion 6784, in all cases where the aggrieved party has once
claimed a right to an appeal.   Section 6782, as amended
by Act No. 174, Laws of 1887, provides, in effect, that

[1] See *Merriman v. Circuit Judge,* 95 Mich. 277.

the party appealing shall file in the circuit court a certified copy of the proceedings within 30 days after an appeal is taken, and, in case of failure to do so,—

"Such appeal shall cease to be of effect, and the order or decree so appealed from shall stand as though such appeal had not been taken: * * * *Provided*, that the circuit court to which the appeal is taken shall have power, upon application within the first ten days of the term of court next succeeding the expiration of the said thirty days for filing said certified copy, to reinstate said appeal, when the party making the appeal has been prevented from perfecting the same by circumstances not under his control."

It is urged that this proviso covers the whole ground covered by section 6784, and provides another and different method of procedure in case of neglect to prosecute the appeal. We think, however, that the two sections may stand together. The one, namely, section 6782, provides the manner of *reinstating* the appeal which the party has taken, and limits the right to *reinstate* such appeal to the first 10 days of the term next succeeding the expiration of the 30 days allowed for filing his record. It is to be noted that no showing of merits is required upon such an application. It is not even essential that the circuit judge shall determine that justice requires a revision of the case. The only question to be considered is the question of the default of the party in failing to follow his appeal within the time. If he fails to do so, or fails to excuse the default, then the appeal shall cease to be of effect, and the order appealed from shall stand *as though such appeal had not been taken.* If this is the attitude of the party in law, then section 6784 confers the right to a dilatory appeal, if he is able to bring himself within the provisions of this section. Under this section, something more than an excuse for his default is necessary, and that is that he has failed to claim or prosecute his appeal according to law without default on his

part, and that *justice requires a revision of the case.* Repeals by implication are not favored, and where, as in this case, the two statutes can be read together, and given a construction which will allow both to stand, such construction should be adopted.

The showing made before the respondent was sufficient to excuse the omission of Mr. Merriman, unless it be held that he is chargeable with the default of his attorney; but we think that where an appellant employs an attorney in regular standing, and does all that he is required by the advice of his attorney to do to perfect an appeal, he ought not to lose his right to an appeal, where justice requires a revision of the case, through the neglect or oversight of the attorney. *Loree v. Reeves,* 2 Mich. 133; *Capwell v. Baxter,* 58 Id. 571; *Babcock v. Perry,* 4 Wis. 31. We think that there was sufficient to call upon the circuit judge to exercise his discretion, and do not think that discretion has been abused.

The writ will be denied, with costs.

The other Justices concurred.