JEROME *v.* WAYNE CIRCUIT JUDGE.[1]

117    19
d125   185

117    19
140   2552

1. APPEALS FROM PROBATE COURT—ALLOWANCE ON PETITION—
EXCUSE FOR DELAY.

That one relied upon his attorney to see that an appeal from
an order of the probate court was filed in time, and he failed
to do so, is a sufficient excuse, within 2 How. Stat. § 6784,
providing that if a person, "without default on his part,"
omit to prosecute his appeal according to law, an appeal may
be allowed on petition.

2. SAME—AFFIDAVIT OF MERITS—SUFFICIENCY.

An affidavit filed in the circuit court by one who has failed
without fault seasonably to prosecute such an appeal, that he
has been advised by his attorney, after a full and fair state-
ment of the case, that he has a good defense upon the merits,
and believes such advice to be true, without setting up the
facts, is not such a showing that "justice requires a revision
of the case" as will authorize the allowance of an appeal
under the statute.

*Mandamus* by Frank H. Jerome and others to compel
Joseph W. Donovan, circuit judge of Wayne county, to
dismiss an appeal from probate court.  Submitted April
19, 1898.  Writ granted May 6, 1898.

*Ed. E. Kane*, for relators.

*Fred A. Baker*, for respondent.

LONG, J.  It appears that the will of James W. Daley
was admitted to probate in the Wayne probate court
April 20, 1897.  On May 1st following, Thomas C. Fitz-
patrick *et al.* took an appeal from such order, but failed
to perfect it by filing in the circuit court within 30 days
thereafter a certified copy of the record or proceedings
appealed from, as required by section 6782, 3 How. Stat.,
which provides, among other things, that—

---

[1]Rehearing denied June 28, 1898.

"In case the record herein required to be filed in the circuit court shall not be filed in such court within the time herein directed, such appeal shall cease to be of effect, and the order or decree so appealed from shall stand as though such appeal had not been taken."

The relator Frank H. Jerome was named as executor in the will, and, after the will was allowed in probate court, filed his bond as such executor, and letters testamentary were issued to him. He thereupon entered upon the discharge of his trust. On July 19, 1897, he filed in the probate court the certificate of the clerk of the circuit court that the record of the proceedings in the probate court and the appeal therefrom had not been filed in the circuit court. On February 21, 1898, Thomas C. Fitzpatrick *et al.* filed in the Wayne circuit court a petition for an allowance of an appeal, under the provisions of section 6784, 2 How. Stat., which provides that—

"If any person aggrieved by any act of the judge of probate shall, from any cause, without default on his part, have omitted to claim or prosecute his appeal according to law, the circuit court, if it shall appear that justice requires a revision of the case, may, on the petition of the party aggrieved, and upon such terms as it shall deem reasonable, allow an appeal to be taken and prosecuted with the same effect as if it had been done seasonably."

The circuit court allowed the appeal, and this application is for a *mandamus* to compel the respondent to set aside that order, and dismiss the appeal.

The only allegation in the petition for the allowance of the appeal as to the merits of the case is as follows:

"Your petitioners have been advised by their said attorney, after having made to him a full and fair statement of their case, that they have a good defense upon the merits to the application for the allowance of said will, and your petitioners believe such advice to be true."

It is shown by the petition that the petitioners relied upon their attorney to see that the appeal was filed in the circuit court within the time allowed by the statute, and that they were in no wise at fault that such papers were

not filed. This would be a sufficient excuse, under the rule laid down in *Merriman* v. *Jackson Circuit Judge*, 96 Mich. 603, and cases there cited. But the question yet remains whether there was any showing made in the court below that "justice requires a revision of the case." As was said in that case: "Under this section, something more than an excuse for his default is necessary, and that is * * * that justice requires a revision of the case." In the present case no facts are shown from which the circuit court could find that justice requires such revision. No facts are set forth, and the only allegation is that above quoted. This, certainly, is not a compliance with the statute. The court must have some facts before it in order to determine that question. In the *Merriman Case* sufficient facts were set forth so that it was found by this court that the matter was within the discretion of the circuit court, and that that discretion had not been abused. This was also found in *Sanborn* v. *St. Clair Circuit Judge*, 94 Mich. 526, and *Gorton* v. *Livingston Circuit Judge*, 97 Mich. 562. The rule as to what an affidavit of merits must contain was laid down in *Thayer* v. *Swift*, Walk. Ch. 384, and it was said: "It is the settled practice of this court, in an affidavit of merits, to require the party to state what such merits are." Mr. Chancellor Walworth, in *Meach* v. *Chappell*, 8 Paige, Ch. 135, laid down the rule as follows:

"It is the settled practice of this court, in an affidavit of merits, to require the party to state what such merits are, so that the court may see that the defense is not merely imaginary, and that the defendant may be in a situation to be prosecuted for perjury if he swears to that which he knows to be false."

Section 6784, 2 How. Stat., above cited, is identical with the Massachusetts act, in that a showing must be made for an allowance of an appeal from probate court that "justice requires a revision of the case." In *Capen* v. *Skinner*, 139 Mass. 190, it appeared that an appeal was sought to be taken from the probate court, and the peti-

tion was denied in the circuit.  The supreme court affirmed the ruling of the circuit, saying:

"The justice who hears the petition is bound to go further than merely to inquire whether the appellant has a case supported by some testimony which he wishes to present to the court or jury.   He is bound to inquire whether, upon the facts proved, substantial justice requires a revision of the decree of the probate court.   We do not mean to imply that it is the duty of the presiding justice to try the case fully upon its merits, but he ought to make inquiry so far as to be satisfied that there is a substantial controversy, which ought to be the subject of a full judicial investigation."

It appears in the present case that the appellants made no contest in the probate court.  The showing in the circuit court was not sufficient to warrant the allowance of an appeal.  It was not such a showing as the statute contemplates.  We do not hold, however, that, where a showing of merits is made,—some facts set forth upon which the circuit judge might fairly pass,—his finding would be disturbed.

The order must issue as prayed, directing the respondent to set aside the order allowing an appeal, and to dismiss the appeal.  Relators will recover the costs of this motion against the appellants below.

The other Justices concurred.