## WATSON v. KENT CIRCUIT JUDGE.

APPEALS FROM PROBATE COURT—LACHES—EXCUSE.

An application to the circuit court for permission to appeal, after the lapse of the 60 days prescribed by statute, from an order of the probate court allowing an executor's final account, which sets out merely that the petitioner's attorney never advised her that certain items of the account were erroneously allowed, and that she, being ignorant of her legal rights, failed to appeal, does not disclose a situation within 1 Comp. Laws 1897, § 674, which authorizes the circuit judge to allow an appeal where it appears that petitioner, "from any cause, without default on his part," omitted to appeal seasonably.

*Mandamus* by Carrie Yale Watson to compel Willis B. Perkins, circuit judge of Kent county, to vacate an order denying an appeal from probate court. Submitted October 2, 1900. Writ denied November 13, 1900.

*Charles McPherson* (*Crane, Norris & Stevens*, of counsel), for relator.

*Wolcott & Perkins*, for respondent.

LONG, J. A petition was filed in the circuit court by the petitioner praying that she might be allowed to take an appeal from certain orders of the probate court, to wit, from an order allowing the final account of Charles D. Lyon, as executor of the estate of Truman H. Lyon,

deceased; also from an order directing the distribution of the residue of said estate, and determining the rights of the respective parties therein; also from an order discharging said Charles D. Lyon from his trust as executor of said estate.   Upon the filing of this petition the executor answered, denying the right of the petitioner to an appeal from such orders, for the reasons, among others, that more than 60 days had elapsed since the allowance of his final account by the probate court and his discharge as such executor; that all the facts pertaining to said account were fully and completely known to said petitioner at the time they, respectively, took place; and that the petitioner is of mature age, and of competent judgment, and was present in the court at the time the final account of said executor was examined and allowed, and consented thereto, and was represented by attorneys in good standing, competent to advise her.

The circuit court made an order denying the right of appeal, saying, "I cannot find that justice requires a revision of the case."   Application is now made to this court for a *mandamus* directing said circuit judge to forthwith set aside such order, and instead thereof to make an order allowing said petitioner, on reasonable terms, to appeal from said orders of the probate court. An order to show cause was issued from this court, and the circuit judge has made return thereto, stating his reasons why the order theretofore made by him should not be set aside.   He returns that, at the request of the petitioner, he made a finding of facts in the proceedings had by and before him on the motion for appeal; that, upon such facts being shown, he denied the petitioner the right of appeal.

The statute (section 674, 1 Comp. Laws 1897) provides:

"If any person aggrieved by any act of the judge of probate shall, from any cause, without default on his part, have omitted to claim or prosecute his appeal according to law, the circuit court, if it shall appear that justice requires a revision of the case, may, on the petition of the

party aggrieved, and upon such terms as it shall deem reasonable, allow an appeal to be taken and prosecuted with the same effect as if it had been done seasonably."

The circuit judge found that petitioner was not in default for not having claimed an appeal within the 60 days allowed by statute, but that justice did not demand a revision of the case.

The only question which we need discuss is whether the appeal should have been taken within the 60 days, as we think that is decisive of the case. The only showing made by the petition addressed to the circuit court for the allowance of an appeal is that the petitioner's attorneys never advised her that the said executor was not lawfully entitled to certain commissions directed to be paid to him, nor did said attorneys ever advise her to appeal from the order of the probate court allowing the final account of said executor; that—

" Your petitioner, being ignorant of her legal rights in the premises, and relying upon her said attorneys to object to any unlawful allowance which would injuriously affect your petitioner's rights, had no reason to believe, and did not believe, that the allowance of the said commissions to the said executor was unlawful."

Under such a showing, can the petitioner claim the benefits of the statute above set forth ? Can it be said that the petitioner, without default on her part, omitted to claim or prosecute her appeal according to law ? We think not, and the court was in error in finding, under such showing, that she could claim an appeal after the lapse of 60 days.

The statute above quoted was taken verbatim from the Massachusetts statute, and the decisions of the Massachusetts courts under the statute, prior to its adoption in this State, must have great weight in determining the question. Counsel for relator call attention to one case there which they claim sustains the contention now made. In that case ( *Capen* v. *Skinner*, 139 Mass. 190 [29 N. E. 651 ]) the court was not called upon to decide the question

whether the party failing to appeal in time was without default. The court below found that he was without default, and the supreme court did not pass on the question, but took the decision of the circuit court upon that point to be true. What the circumstances were that caused the delay in making the appeal do not appear in the opinion. The case does not sustain the claim made here. Neither do the cases of *Graves* v. *Hines*, 106 N. C. 323 (11 S. E. 362), and *Jamison* v. *Snyder*, 79 Wis. 286 (48 N. W. 261), sustain the contention.

Counsel also cite *Merriman* v. *Jackson Circuit Judge*, 96 Mich. 603 (55 N. W. 1021), and *Jerome* v. *Wayne Circuit Judge*, 117 Mich. 19 (75 N. W. 143). The first case holds that where an appellant employs an attorney in regular standing, and does all that he is required by the advice of his attorney to do to perfect his appeal, he is not to lose his right to an appeal through the neglect or oversight of the attorney. In that case, however, an appeal had been taken, but the attorney failed to file a copy of the proceedings appealed from in the circuit court within 30 days after the appeal was taken, as required by 1 Comp. Laws 1897, § 672. The party had done all he was required to do by appealing, and had a right to rely upon his attorney to see that the appeal was properly filed. The last case was of like character, where the party relied upon his attorney to see that the appeal, after it had been taken, was filed in the circuit court within the 30 days required by the statute. The case followed *Merriman* v. *Jackson Circuit Judge, supra.*

The present case, however, is not like any of the cases cited. Here the petitioner took no steps whatever to claim an appeal within the 60 days; not, however, because she had been advised by her attorneys not to appeal, but because they gave her no advice one way or the other, and her claim is that they should have advised her to appeal. She now pleads ignorance of the law as an excuse for not appealing. She does not claim that she was misled by the opposite party, by her attorneys, or by any other person.

If this be sufficient to excuse laches, then any person could claim an appeal under this statute, however negligent he might be, by setting up that he did not know the law, and upon the excuse that his attorneys did not advise him to appeal.

The court reached the right conclusion, only on another ground. The writ of *mandamus* must be denied, with costs to the respondent.

The other Justices concurred.