BELMER *v.* BOYNE CITY TANNING CO.

APPEAL AND ERROR—EXTENSION OF TIME—DISMISSAL OF WRIT—
ADVICE OF COUNSEL.

In a case where a motion for a new trial was made and heard several months after the judgment, and not denied until five days prior to the expiration of a year, the attorneys not receiving notice of the denial of their motion until after the year had elapsed, the defendant, which relied on their opinion that the motion would be granted, should not lose its right to appeal because of the neglect or oversight of its attorneys in not taking out a writ of error.

Case by Frederick Belmer, by next friend, against the Boyne City Tanning Company for personal injuries: On motions of plaintiff to dismiss a writ of error, and of defendant for an extension of time for the issuance of the writ. Submitted October 5, 1909. (Calendar No. 23,586.) Motion to dismiss denied, and motion for extension granted October 19, 1909.

*Knowles & Converse* (*J. M. Harris*, of counsel), for appellant.

*George E. Nichols* and *H. A. Jersey*, for appellee.

PER CURIAM. Two motions are before us in this case; one made by the appellee to dismiss the writ of error because it was issued more than one year after the date of the judgment, and one made by the appellant to extend the time for issuing writ of error. The statute under which both motions are made is as follows:

"All writs of error upon any judgment or final determination, rendered in any cause, in any court of law and of record in this State, shall be brought within one year after the rendering of such judgment or final determination made and not after, except in cases specified in the next two sections: *Provided,* The time in which writs of error

may be taken out may be extended not exceeding six months by the Supreme Court or by one of the Supreme Court Justices at chambers, when any party has been prevented from taking out the same by circumstances not under his control. Such extension shall only be made on special motion, and after a proper showing." 3 Comp. Laws, § 10492.

The facts upon which appellant relies are, briefly, as follows: Plaintiff obtained judgment for $6,000 in the circuit court for the county of Charlevoix, August 21, 1908. A stay bond was filed. Within 20 days a transcript ordered, and a motion for new trial was made and noticed for hearing on December 4, 1908. The hearing on the motion was continued, from time to time, until April 24, 1909, when it was argued and taken under advisement by the court. The motion was denied by the court, and an opinion filed August 16, 1909. A writ of error was sued out of this court August 28, 1909, returnable September 15, 1909. On filing his opinion at Charlevoix the circuit judge mailed a copy thereof to counsel for defendant at Boyne City, Mich. The petition shows that Mr. Knowles, of the firm of Knowles & Converse, and Mr. Harris (of counsel), were, at the time said notice was mailed, absent from Boyne City, and in actual attendance upon a regular session of the court at Charlevoix, and that Mr. Converse was necessarily absent from his office at Boyne City attending the deathbed and funeral of a niece. Under these circumstances, the notice of the denial of the motion did not actually reach Knowles & Converse until August 23d, and did not reach Mr. Harris until the 25th.

The petition shows that the motion for new trial was made in good faith, and that defendant's counsel believed it would be granted. It further shows that petitioner had employed and given full charge of the trial and proceedings to Messrs. Knowles & Converse as its attorneys, and J. M. Harris, of counsel. It is apparent, from the facts stated in the petition, that the petitioner itself is without fault in the premises, and that the failure to sue out a

writ of error within the statutory period is attributed solely to the neglect of its counsel, or, at any rate, to the fact that they, without warrant, relied upon their judgment that the circuit court would determine the motion for a new trial in favor of the appellant. While the fact that a motion for a new trial is pending does not extend the time during which a writ of error may issue (see *Hill v. Hill*, 114 Mich. 599 [72 N. W. 597]), we are of opinion that appellant in its showing has fairly brought itself within the rule laid down in *Merriman* v. *Jackson Circuit Judge*, 96 Mich. 603 (55 N. W. 1021), where this court said:

" The showing made before the respondent was sufficient to excuse the omission of Mr. Merriman, unless it be held that he is chargeable with the default of his attorney; but we think that where an appellant employs an attorney in regular standing, and does all that he is required by the advice of his attorney to do to perfect an appeal, he ought not to lose his right to an appeal, where justice requires a revision of the case, through the neglect or oversight of the attorney"—citing cases.

The motion to dismiss is denied, with costs to the mover. The motion to extend the time three months is granted, with costs against the mover.