HENRIETTA C. NASH *vs.* CARRIE T. WHITCOMB, administratrix with the will annexed.

Norfolk.    November 14, 1916. — January 5, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Probate Court,* Appeal, Decree. *Judgment. Evidence,* Presumptions and burden of proof. *Executor and Administrator.*

Where a single justice of this court has made a decree upon a petition under R. L. c. 162, § 13, allowing an appeal from a decree of the Probate Court to be entered and prosecuted, it must be assumed that the single justice found that

the failure of the petitioner to claim an appeal from the decree was without default on his part and that justice requires a revision of the case.

On a petition under R. L. c. 162, § 13, for leave to enter and prosecute an appeal from a decree of the Probate Court admitting to probate the will of a testator and appointing a certain creditor administrator with the will annexed of the estate of the testator, where it appeared that the names and addresses of the heirs at law and next of kin of the testator were not set out in the petition for the allowance of the will and the appointment of the administrator and that no notice was received by any of them nor did any of them know of the petition or of the decree until forty-four days after the decree was made, it was *held,* that a decree of a single justice of this court allowing the entry and prosecution of the appeal should be affirmed.

In the case above described it was *ordered* that the respondent, who had been appointed administrator by the decree from which the appeal was allowed, should not be removed as administrator unless he was indemnified from liability on account of acts properly performed by him as administrator before the date of the filing of the petition for leave to enter the appeal.

PETITION, filed in the Supreme Judicial Court on April 26, 1915, under R. L. c. 162, § 13, for leave to enter and prosecute an appeal from a decree of the Probate Court for the county of Norfolk made on February 24, 1915, admitting to probate the will of Stephen H. Price, late of Weymouth, and appointing the respondent, Carrie T. Whitcomb, who was a creditor of the testator, the administratrix with the will annexed of the estate of Stephen H. Price.

The case was heard by *Pierce,* J., who filed a memorandum of his findings of fact, including the facts that are stated in the opinion. The single justice made a final decree "that the petitioner be, and she hereby is allowed to enter her appeal from the decree of the Probate Court, appointing an administratrix of the estate of Stephen H. Price." The respondent appealed.

R. L. c. 162, § 9, is as follows: "A person who is aggrieved by an order, sentence, decree or denial of a probate court or of a judge of such court may, except as otherwise provided, appeal therefrom to the Supreme Judicial Court."

R. L. c. 162, § 13, is as follows: "If a person who is aggrieved omits, without default on his part, to claim or prosecute his appeal and it appears that justice requires a revision of the case, the Supreme Court of Probate or the Superior Court, in cases in which appeals may be taken thereto, may, upon his petition and upon terms, allow an appeal to be entered and prosecuted. Such petition may be entered in the clerk's office at any time and the order of notice thereon may be made returnable at a rule day."

*A. V. Harper,* for the respondent.

*P. Keyes,* for the petitioner.

CROSBY, J. The respondent, who was a creditor of the estate of Stephen H. Price, was appointed administratrix with the will annexed of his estate by decree of the Probate Court on February 24, 1915.

The testator devised and bequeathed all his estate to his wife, Mary A. Price, whom he named as executrix. He survived his wife, and died on December 15, 1914, leaving as his only heirs at law and next of kin a brother, two sisters (one of whom is the petitioner) and two nieces.

This is a petition for leave to enter an appeal from the decree of the Probate Court admitting the will to probate and the issuing of letters of administration with the will annexed to the respondent. "Public notice upon the petition" for the allowance of the will and for the appointment of the respondent as administratrix was published in a newspaper and mailed in conformity with R. L. c. 137, § 1, cl. 3, but the names and addresses of the heirs at law and next of kin were not set out in the petition and no notice thereof was received by any of them, nor did they receive knowledge of such petition and of the decree thereon until April 9, 1915. This petition for leave to enter and prosecute an appeal from the decree of the Probate Court in accordance with R. L. c. 162, § 13, was filed on April 26, 1915. The single justice, before whom the petition was heard, made a finding of facts and ordered a final decree allowing the appeal to be entered, from which decree the respondent has appealed.

The petitioner, as an heir at law and next of kin of the deceased, is a person aggrieved by the decree. It is plain that if she had known of the petition and had seasonably objected to its allowance, and notwithstanding such objection it had been granted and a decree thereon entered, she could have appealed. R. L. c. 162, § 9.

That the petitioner may be entitled to enter an appeal, she is required to prove affirmatively that her failure to claim an appeal was without default on her part, and that justice requires a revision of the case. R. L. c. 162, § 13. As a final decree has been ordered by the single justice allowing the entry of the appeal, it must be assumed that he found the failure to claim an appeal from

the decree was without default on the part of the petitioner and that justice required a revision of the case. The statute (§ 13) vests a broad discretion in the court, and we cannot say that it was not properly exercised in this case. *Capen* v. *Skinner,* 139 Mass. 190.

We cannot agree with the respondent that the remedy of the petitioner is by an application to the Probate Court to vacate the decree. The case of *Clarke* v. *Andover,* 207 Mass. 91, is not an authority for that proposition. In that case there was an appeal from a decree of the Probate Court appointing a trustee in place of a former trustee. It appeared that the appointment was made without any notice actual or constructive to the parties interested, although the statute applicable to such cases provides that notice of proceedings for the appointment shall be given "to all persons interested." R. L. c. 147, § 5. Accordingly it was held that "The decree of appointment was made without authority, and the petition to vacate it should have been granted," and that the irregularity must be corrected in the Probate Court since St. 1891, c. 415, § 4. R. L. c. 162, § 2.

The case of *Clarke* v. *Andover, supra,* in this connection merely decided that since the enactment of St. 1891, c. 415, § 4, — which made probate courts courts of superior and general jurisdiction, — when a decree of appointment was made by the court without authority, such irregular appointment must be corrected by application to that court to set aside such decree. The decision in that case does not affect or impair the power of this court, as the Supreme Court of Probate, to correct on appeal an erroneous decree of the Probate Court.

We are of opinion that the respondent should not be removed as administratrix unless she is indemnified from liability on account of acts properly performed by her as such administratrix before the date of the filing of the petition to enter an appeal.

The final decree must be affirmed with costs.

*So ordered.*