HENRY M. HUTCHINGS *vs.* WILLIAM J. DAVIS, executor

Barnstable.   March 6, 1919. — April 1, 1919.

Present: RUGG, C. J., CROSBY, PIERCE, & CARROLL, JJ.

*Probate Court,* Appeal, Petition for late entry.   *Words,* "Person . . . aggrieved."

Upon an appeal from a decree of a single justice of this court denying a petition under R. L. c. 162, § 13, for a late entry of an appeal from a decree of the Probate Court, where the record shows no specific findings of fact nor rulings of law, the decree of the single justice must be affirmed if it appears that upon the evidence he might not have been satisfied that the requirements of the statute had been met.

*Whether* one who is named as executor of an earlier will is, merely by reason of that fact, a "person . . . aggrieved" by a decree allowing a later will of his testator, in which he is not named as an executor nor interested in any way, and is entitled to appeal from a decree allowing such later will, it became unnecessary to determine.

PETITION, filed in the Supreme Judicial Court on December 19, 1918, under R. L. c. 162, § 13, for leave to enter, after the thirty days allowed by R. L. c. 162, §§ 9, 10, had expired, an appeal from the allowance of the will of Rebecca H. Baker, late of Dennis.

The petition was heard by *De Courcy*, J. The material evidence before him is described in the opinion. The record showed no memorandum of specific findings of fact nor rulings of law, but merely a denial of the petition. The petitioner appealed.

*W. D. Turner*, (*H. M. Hutchings* with him,) for the petitioner.

*W. A. Morse & F. C. Swift*, for the respondent, submitted a brief.

CROSBY, J. This is an appeal from a decree entered by a justice of this court denying a petition, brought under R. L. c. 162, § 13, for leave to enter an appeal from a decree of the Probate Court for Barnstable County, allowing a certain instrument dated February 18, 1916, as the last will and testament of Rebecca H. Baker. The petitioner alleges that the instrument so allowed was not in fact the will of the testatrix, that it was not executed by her while she was of sound mind, and that it was procured by fraud and undue influence. He also alleges that the testatrix left a will duly executed on the twenty-ninth day of June, 1908, wherein the petitioner and one Davis were nominated as executors. The will so allowed was contested by one of the heirs at law of the testatrix who has claimed an appeal; and the judge of probate has certified in accordance with Equity Rule 36 that the matters relied on by the appellant are deemed by him to be a proper subject for judicial inquiry before a jury, and issues have been framed by a justice of this court for a trial by jury. The earlier will, in which the petitioner is named as one of the executors, was not found until subsequent to the time allowed to claim an appeal, as required by R. L. c. 162, §§ 9, 10, had expired.

Under R. L. c. 162, § 13, a petitioner is required to prove to the satisfaction of this court not only that he is a person aggrieved, but that he omitted without default on his part to claim or prosecute his appeal, and that justice requires a revision of the case. *Capen* v. *Skinner*, 139 Mass. 190. A petitioner, under the statute, is not entitled as matter of right to enter an appeal; whether the application is to be granted or denied rests in the sound discre-

tion of the single justice who hears it, and no appeal from his decision can be sustained unless it was unwarranted. *Nash* v. *Whitcomb,* 225 Mass. 487, 490. *Linehan* v. *Linehan,* 223 Mass. 297. *Cawley* v. *Greenwood,* 192 Mass. 126.

If it be assumed that the failure of the petitioner to claim an appeal was without default on his part, it still was a question for the single justice to determine whether justice required a revision of the case. An examination of the evidence recited in the record fails to show as matter of law that the decision was unwarranted.

We cannot agree with the petitioner's contention that the petition was denied as matter of law upon the ground that an executor named in an earlier will is not aggrieved by a decree allowing a later will revoking the earlier one; or because justice does not require a revision of the case on the appeal of such an executor if none of the legatees or parties in interest in the earlier will have requested him to act, especially where there is an appeal pending by an heir at law. While the record shows that there was some discussion between the court and counsel upon these questions, no requests for rulings were made; and it cannot fairly be inferred that any intimations made by the court were intended as final rulings of law which were to govern the rights of the parties.

In view of the conclusion reached it is unnecessary to consider whether the petitioner, who is named in the earlier will as executor, is as matter of law "a person who is aggrieved." See *Old Colony Trust Co.* v. *Bailey,* 202 Mass. 283.

It follows that the entry must be

*Decree affirmed.*