HIRAM C. CROWELL & another *vs.* WILLIAM J. DAVIS, executor.

Barnstable. March 31, 1919. — June 3, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Probate Court, Appeal. Words, "Aggrieved."*

On an appeal from a decree of a single justice of this court allowing a petition brought under R. L. c. 162, § 13, to enter and prosecute an appeal from a decree of the Probate Court allowing an alleged will, the record showed that the alleged testatrix left also an earlier will, dated ten years before the one allowed, and that the petitioners, who were named as legatees in the earlier will, had no knowledge of its existence until after the time for filing an appeal from the decree allowing the later will had expired. The petition alleged unsoundness of mind and fraud and undue influence at the time of the alleged execution of the later will. The earlier will was filed for probate soon after it was found and a petition for its allowance was pending. It appeared at the hearing that one petitioner, who by the earlier will was given $15,000, certain specific articles of personal property and a woodlot, was given by the later will only a legacy of $10,000, and that the other petitioner was given $1,000 by the earlier will and by the later will was given nothing. The single justice in effect ruled that the petitioners were persons "aggrieved" within the meaning of R. L. c. 162, § 13. *Held*, that it must be assumed that in granting the petition to enter the appeal the single justice found that the failure to claim an appeal from the decree of the Probate Court was without default on the part of the petitioners and that justice required a revision of the case, and that the ruling, that the petitioners as matter of law were persons who might be found to have been aggrieved by the decree, was right.

The granting by a single justice of the Supreme Judicial Court of a petition, brought under R. L. c. 162, § 13, to enter and prosecute an appeal from a decree of the Probate Court allowing an alleged will, necessarily imports that the single justice found that the petitioner's failure to enter his appeal was without default on his part and that justice requires a revision of the case.

A person named as a legatee in an earlier will filed for probate is a person "aggrieved" by a decree allowing a later will which gives him less or nothing.

In the case above described it appeared that an heir at law of the alleged testatrix had filed seasonably an appeal from the decree of the Probate Court allowing the alleged later will, and it was *pointed out* that the pendency of this appeal, which such heir at law had a right to waive at any time, did not protect the rights of the petitioners.

PETITION, filed in the Supreme Judicial Court on January 22, 1919, by Hiram C. Crowell and Susan K. Crowell of Dennis, for leave to enter and prosecute an appeal from a decree of the Probate Court for the county of Barnstable  made on March 6, 1918, allowing an alleged will of Rebecca H. Baker, late of Dennis, dated February 18, 1916.

The case was heard by *De Courcy*, J., the evidence being reported by a commissioner appointed under Equity Rule 35, and described in substance in the opinion.

On February 14, 1919, the single justice made a final decree allowing the petition.  The respondent, William J. Davis, the executor named in the will of February 18, 1916, appealed.

The case was submitted on briefs.

*W. A. Morse & F. C. Swift*, for the respondent.

*W. D. Turner & H. M. Hutchings*, for the petitioners.

CROSBY, J.  This is an appeal from a final decree, entered by a single justice of this court upon a petition brought under R. L. c. 162, § 13, allowing the petitioners to enter and prosecute an appeal from a decree of the Probate Court for the county of Barnstable, dated March 6, 1918, allowing a certain instrument dated February 18, 1916, as the last will of Rebecca H. Baker, late of Dennis in the county of Barnstable.  An appeal from the decree allowing the will has been taken by an heir at law of the testatrix and is now pending; a certificate under Equity Rule 36 has been issued by the judge of probate, which recites that the matters relied on by the respondent are deemed a proper subject for judicial inquiry before a jury, and issues for a jury have been framed by a justice of this court.

The record shows that the testatrix left an earlier will, dated and executed in the year 1908, but that the petitioners had no knowledge of its existence until after the time for filing an appeal from the allowance of the will of 1916 had expired.  It is alleged by the petitioners that the later instrument ought not to be allowed as the last will of the deceased because it was not duly executed

by her while of sound and disposing mind and memory, and because it was obtained by fraud and undue influence. The earlier will was filed in the Probate Court soon after it was found, and a petition for its probate is pending.

At the hearing before the single justice in this case, copies of both wills were offered in evidence, from which it appears that under the will of 1908 the petitioner Susan K. Crowell was bequeathed and devised $15,000 in money, certain specific articles of personal property, and a woodlot in West Dennis; while under the will of 1916 she was given only a legacy of $10,000. The petitioner Hiram C. Crowell under the 1908 will was given a legacy of $1,000, while under the will of 1916 he was to receive nothing. In entering a decree upon the petition the single justice in effect ruled that the petitioners were persons "aggrieved" within the meaning of R. L. c. 162, § 13; and it must be assumed that he found the failure to claim an appeal from the decree of the Probate Court was without default on their part and that justice required a revision of the case. The discretionary power vested in the court under the statute (§ 13) cannot be said to have been improperly exercised in the case at bar. *Hutchings* v. *Davis*, 232 Mass. 525.

The question remains whether as matter of law the petitioners are persons "aggrieved" as that word is used in the statute; in other words, is a person who is named as a legatee in an earlier will, a person "aggrieved" by the allowance of a later will under which he would take nothing or less than if the earlier will were established?

This precise question presented does not appear to have been decided by this court, although courts in many other jurisdictions have determined that such legatees are entitled to appear and contest the allowance of a later will.

In the case of *Old Colony Trust Co.* v. *Bailey*, 202 Mass. 283, it was held by this court that legatees are not entitled as of right to petition for the probate of a will. It was said by Chief Justice Knowlton, at page 290, that "It is also true, as a general rule, that the interests of legatees claiming under a will are properly and sufficiently represented by the executor, and . . . individual legatees are not entitled as of right to appear separately and become parties to a petition for the probate of a will. The represen-

tation of the estate and the conduct of the trial usually should be left to the executor. But if it appears that one legatee has important interests adverse to those of the legatees generally, or if for any reason, under the issues submitted to the jury, there are contentions that ought to be made in support of the will which are adverse to other contentions that ought to be made in support of some part of the will, it is in the discretion of the presiding justice to allow parties differently interested to appear and be heard in support of their respective contentions."

That rule does not necessarily apply to a case like the present, where there are legatees under an earlier will whose interests are adverse to the allowance of the later will. If the later will is finally allowed, one of the petitioners will take a substantially smaller portion of the estate of the deceased than she would take if the earlier will were allowed, while the other petitioner will take nothing, although given a substantial legacy in the earlier will. Under these circumstances, it is manifest that the petitioners are "aggrieved" as matter of law if the will as allowed by the Probate Court wrongfully deprives them of what they would otherwise take under the earlier will. It is plain that the executor of the later will cannot properly and sufficiently represent and protect the interests of these petitioners; nor can the executor named in the earlier will protect and represent their interests, as that will has not been allowed, and his petition to be permitted to enter and prosecute an appeal from the allowance of the later will has been denied. *Hutchings* v. *Davis, supra.*

The rights of the petitioners are not protected by the pending appeal of the heir at law of the deceased: he may properly at any time before the issues have been tried (if he sees fit to do so) waive his appeal, and that will may be finally allowed, thereby leaving the petitioners without opportunity to be heard.

Under statutes generally a proceeding to contest a will can be maintained only by a "person interested" or by a person "aggrieved" at the time the will is admitted to probate. The interest must be a direct pecuniary interest affected by the probate of the will. The interests of the petitioners are such that they may have been found to be persons "aggrieved" by the decree as matter of law. It seems to be settled by the great weight of authority that legatees under an earlier will are entitled to contest

a later will to establish their rights; and no decisions to the contrary have been called to our attention nor have we been able to find any to that effect. *Crowley* v. *Farley,* 129 Minn. 460. *Kostelecky* v. *Scherhart,* 99 Iowa, 120. *In re Wynn's Estate,* 193 Mich. 223. *Wolf* v. *Bollinger,* 62 Ill. 368. *McDonald* v. *McDonald,* 142 Ind. 55. *Estate of Langley,* 140 Cal. 126. *Hayle* v. *Hasted,* 1 Curt. 236. *Urquhart* v. *Fricker,* 3 Add. Eccl. 56. See cases collected in 40 Cyc. 1241, note. See also *Ensign* v. *Faxon,* 224 Mass. 145; *Hayden* v. *Keown,* 232 Mass. 259; *In re Stewart's estate,* 107 Iowa, 117; *Safe Deposit & Trust Co. of Baltimore* v. *Devilbiss,* 128 Md. 182.

*Decree affirmed.*