SCHMID v. WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR—PROBATE COURT—BELATED APPEAL—NEGLI-
   GENCE.
   Petitioner for leave to appeal from order of probate court
   making determination of heirs was not chargeable with
   culpable neglect in failing to take appeal as of right where
   attorneys upon whom he relied failed to take such appeal
   within time required although acting in good faith under a
   misapprehension as to the date of the entry of the order from
   which an appeal was sought (Act No. 288, chap. 1, § 36, Pub.
   Acts 1939).

2. SAME—BELATED APPEAL—SHOWING REQUIRED—EVIDENCE.
   Statutory requirement that petitioner for belated appeal from
   probate court order not only be without fault but make a
   showing that justice requires a revision of the case was not
   met by petitioner's statement in application for leave to
   appeal that he had "a good and meritorious claim and that
   the ends of justice require that he be allowed to appeal to
   the circuit court" to protect his interests and those of the
   other heirs at law nor by his attorney's affidavit that peti-
   tioners had a good and meritorious claim against the estate
   involved where neither assertion stated facts from which the
   court might reach the conclusion that justice required a re-
   vision of the case (Act No. 288, chap. 1, § 43, Pub. Acts 1939).

3. MANDAMUS—BELATED APPEAL FROM PROBATE COURT—RECORD—
   DETERMINATION OF HEIRS.
   Under record in mandamus proceeding to compel circuit judge
   to vacate order granting nephews' petition for belated appeal
   from order of probate court determining that plaintiff was
   the daughter of deceased and his sole heir, which fails to dis-
   close what issues of fact or law were involved in the probate
   court hearing or any reason why, if plaintiff were deceased's
   daughter, the petitioners had any claim of right to be adjudged
   heirs at law, plaintiff was entitled to have the order granting
   the special appeal set aside (Act No. 288, chap. 1, § 43, Pub.
   Acts 1939).

   BUSHNELL, BOYLES, and NORTH, JJ., dissenting.

Petition by Lula Schmid for a writ of mandamus to compel James E. Spier, Macomb circuit judge presiding in Wayne circuit, to set aside an order granting a delayed appeal from probate court. Submitted April 29, 1941. (Calendar No. 41,582.) Writ granted June 30, 1941.

*Francis M. Dodge* and *David L. Shangle*, for plaintiff.

*Leon Dreifuss* and *Richard Tabibian*, for defendant.

WIEST, J. Plaintiff herein seeks our writ of mandamus directing the circuit court for the county of Wayne to vacate an order allowing a special appeal.

October 10, 1940, Charles Kieler filed a petition in the probate court for the county of Wayne for determination of the heirs of Frederick N. Kieler, deceased, averring that he was a nephew and an heir at law. December 4, 1940, the probate court adjudged Lula Schmid to be the daughter and sole heir of the deceased. December 26, 1940, Norman J. Kieler, also a nephew of the deceased, took an appeal as of right to the circuit court. Upon motion, that appeal was dismissed because not taken within 20 days after entry of the order on December 4, 1940, as required by Act No. 288, chap. 1, § 36, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-1 [36], Stat. Ann. 1940 Cum. Supp. § 27.3178 [36]). Thereupon Norman J. Kieler petitioned the circuit court to grant a special appeal and, February 4th, the court allowed such an appeal upon filing a $200 appeal bond.

Plaintiff herein claims that the petition for special leave to appeal did not set forth facts sufficient to excuse the applicant from fault in having failed to

claim a timely appeal or facts from which ''the court could judicially determine 'that justice requires a revision of the case,' '' as is required by chap. 1, § 43, of the above-mentioned act of 1939 (Comp. Laws Supp. 1940, § 16289-1 [43], Stat. Ann. 1940 Cum. Supp. § 27.3178 [43]).

The application for leave to appeal was supported by affidavits of the attorneys who filed the petition in behalf of the nephews for determination of the heirs and took part on that hearing in the probate court. The attorneys were directed to take an appeal if the decision in the probate court was adverse. The attorneys, under misapprehension that the probate court order was entered on December 6th, instead of the 4th, took the appeal which was dismissed. The attorneys acted in good faith under a misapprehension as to the date of the entry of the order. Under such circumstances petitioner for leave to appeal was not chargeable with culpable neglect in so relying upon his attorneys to take the appeal as instructed. *Capwell* v. *Baxter,* 58 Mich. 571; *Merriman* v. *Jackson Circuit Judge,* 96 Mich. 603; *Jerome* v. *Wayne Circuit Judge,* 117 Mich. 19; *Frank* v. *Union Trust Co.,* 239 Mich. 646; *Carras* v. *Bungalow Sandwich Shoppe Co.,* 257 Mich. 467. The statute, however, requires not only the mentioned showing but a finding by the court, if the appeal is allowed, ''that justice requires a revision of the case.'' There was no showing by affidavit or otherwise under which the court could make the essential finding ''that justice requires a revision of the case.''

The statement of petitioner in the application for leave to appeal that ''he has a good and meritorious claim and that the ends of justice require that he be allowed to appeal to the circuit court for the county of Wayne from said order so that his interest and

interests of the other heirs at law be well protected, * * * and that the interests of justice require that he be now allowed to take such an appeal to the circuit court, county of Wayne," was but an assertion wholly without stated facts from which the court might reach such a conclusion.

The following statement in the affidavit of his attorney that "deponent further says that he is of the opinion that said petitioners have a good and meritorious claim against such estate and the petitioners not being at fault and the fault being with this deponent justice requires that the prayer of said petition for special leave to appeal be granted," carried no showing of facts and falls squarely within the holding of insufficiency stated in *Jerome* v. *Wayne Circuit Judge, supra.*

The record does not disclose what issues of fact or law were involved in the probate court hearing or any reason why, if Lula Schmid is the daughter of the deceased, the nephews have any claim of right to be adjudged heirs at law.

For this reason the writ requiring the circuit court to set aside the order allowing the special appeal is granted, with costs to Lula Schmid.

SHARPE, C. J. and CHANDLER and BUTZEL, JJ., concurred with WIEST, J.

BOYLES, J. (*dissenting*). I do not agree that the writ should be granted. The appellant has been decreed by an order of probate court to be the sole heir at law of Frederick N. Kieler, deceased. Considerable property is involved, including title to real estate. Certain other persons, claiming to be heirs at law, directed their attorney to take an appeal from that order to the circuit court. This is ad-

mitted in an affidavit of the attorney.  The attorney, in his affidavit, states that through no fault or neglect of his clients, but through his own mistake as to time, his attempted appeal was filed two days late and for that reason the appeal was dismissed.  The attorney then filed a timely application in circuit court for special leave to appeal and it was granted. The case now comes to this court for mandamus to set aside the order allowing special appeal.  Mr. Justice WIEST writes for granting the writ on the meager ground that the affidavit of the petitioner for leave to appeal did not set up facts on which the circuit judge could base his finding that "justice requires a revision of the case."  On the contrary, the petitioner's affidavit sets up the circumstances in detail, states that he relied upon his said attorney to take the proper steps to appeal, that the failure was due to no neglect of his own, and that "he has good and meritorious claim and that the ends of justice require that he be allowed to appeal to the circuit court for the county of Wayne from said order so that his interest and interests of other heirs at law be well protected;" and that "the interests of justice require that he be now allowed to take such an appeal to the circuit court, county of Wayne."

The statute (Act No. 288, chap. 1, § 43, Pub. Acts 1939 [probate code] [Comp. Laws Supp. 1940, § 16289-1 (43), Stat. Ann. 1940 Cum. Supp. § 27.3178 (43)]) governing delayed appeals from probate court is as follows:

"If any person aggrieved by any act of the judge of probate shall from any cause, without default on his part, have omitted to claim or prosecute his appeal according to law, the circuit court, if it shall appear that justice requires a revision of the case, may, on the petition of the party aggrieved, and

upon such terms as it shall deem reasonable, allow an appeal to be taken and prosecuted with the same effect as if it had been done seasonably.''

This statute merely requires that it shall appear that justice requires a revision of the case to the satisfaction of the circuit court, to authorize allowance of the delayed appeal. The statute itself does not demand that ''facts and circumstances'' be set up by affidavit, on which the court shall base its finding.

The case of *Jerome* v. *Wayne Circuit Judge*, 117 Mich. 19, differs from the case at bar. In that case, the only showing that ''justice requires a revision of the case'' was in the petition (not verified so far as disclosed by the opinion) in which the petitioners stated they had been advised by their attorney that they had a good defense and believed such advice to be true. In the case at bar, not only the petitioner swore positively as a fact that he had a good and meritorious claim, but an officer of the court (the attorney in the case) swore positively to a similar effect.

In *Merriman* v. *Jackson Circuit Judge*, 96 Mich. 603, the showing of merit was not so great as in the case at bar, yet this court held:

''The showing made before the respondent was sufficient to excuse the omission of Mr. Merriman, unless it be held that he is chargeable with the default of his attorney; but we think that where an appellant employs an attorney in regular standing, and does all that he is required by the advice of his attorney to do to perfect an appeal, he ought not to lose his right to an appeal, where justice requires a revision of the case, through the neglect or oversight of the attorney. *Loree* v. *Reeves*, 2 Mich. 133; *Capwell* v. *Baxter*, 58 Mich. 571; *Babcock* v. *Perry*, 4 Wis. 31. We think that there was sufficient to call

upon the circuit judge to exercise his discretion, and do not think that discretion has been abused."

On the showing made in this case, the petitioner should not be denied his day in court to adjudicate who are the heirs at law.

The writ should be denied, with costs to appellee.

Bushnell and North, JJ., concurred with Boyles, J. McAllister, J., took no part in this decision.