## *In re* McCULLOUGH.

1. APPEAL AND ERROR—APPLICATION FOR DELAYED APPEAL FROM
   PROBATE COURT—STATUTES—COURT RULES.

   Order denying application for leave to take delayed appeal from
   probate court order denying divorced mother's petition for
   restoration of custody of children, which does not set forth
   any of the substance of the record and proceedings in the
   probate court, which does not show by affidavit or otherwise
   that there is merit in the attempted appeal, or that justice re-
   quires a revision of the case *held,* fatally defective on its
   face for failure to comply with pertinent statute and court
   rule (CL 1948, § 701.43; Court Rule No 75, §§ 2, 6, 7 [1945]).

2. MANDAMUS—DELAYED APPEAL FROM PROBATE COURT—DISCRETION
   OF CIRCUIT COURT.

   Mandamus in the Supreme Court is the proper remedy to review
   a circuit judge's exercise of his discretion in granting or
   denying of the right to take a delayed appeal from the
   probate court when he passes upon the showing made and any
   answer thereto.

3. APPEAL AND ERROR—LEAVE TO APPEAL—RECORD—QUESTIONS RE-
   VIEWABLE.

   Appeal is dismissed, where record contains nothing from which
   Supreme Court may judge what was done by a circuit judge
   after testimonial hearing on application for leave to take a
   delayed appeal from a probate court order and after testimonial
   hearing on motion for rehearing by successor circuit judge,
   record presents no reviewable question and leave to appeal
   should have first been obtained (Court Rule No 60, § 1 [b]
   [1945], as amended).

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 17A Am Jur, Divorce and Separation § 817.
  4 Am Jur 2d, Appeal and Error §§ 309, 313.
[2] 35 Am Jur, Mandamus § 304.

Appeal from Wayne; Canham (James N.), J. Submitted May 7, 1963. (Calendar No. 42, Docket No. 49,860.) Decided July 17, 1963.

In the matter of the petition of Jean B. McCullough for delayed appeal of probate order concerning custody of children. Delayed appeal denied. Petitioner appeals. Appeal dismissed.

*Craig Thompson,* for petitioner.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy, George H. Cross,* and *Gary R. La Bret,* Assistant Prosecuting Attorneys, for Probate Court for the County of Wayne, Juvenile Division.

SOURIS, J. Appellant, a divorcee, is the mother of 3 minor children, presently of the ages of 11, 13, and 15 years. In January of 1956 the children were placed by appellant in a Salvation Army home. A petition was filed in 1958 in the juvenile division of the Wayne county probate court charging appellant with neglect of the children, and early in 1959 an order was entered after hearing making all 3 children temporary wards of the court. Later that year the youngest child was made a permanent ward of the court after hearing, but that order was subsequently set aside for procedural irregularities. In July of 1960 after another hearing the youngest child was again made a permanent ward of the court, thereby terminating appellant's parental rights to the child,[1] and the 2 older children were ordered continued as temporary wards of the court. There were other hearings in 1959 and 1960 on appellant's peti-

[1] Subject of course to the powers of rehearing and of supplemental orders chapter 12A, as last amended by PA 1959, No 184 (CL 1948 and CLS 1956, § 712A.1 *et seq.* [Stat Ann 1943 Rev and Stat Ann 1959 Cum Supp § 27.3178 (598.1) *et seq.*]) provides.

tion for restoration of custody, but in each instance relief was denied to her. Following denial of her petition for rehearing of the July, 1960, order, and having failed to take timely appeal therefrom to the circuit court,[2] appellant filed in the circuit court in May of 1961 an application for leave to take delayed appeal from such probate order.[3] Following a hearing thereon at which testimony apparently was taken, Judge McCree of the Wayne circuit denied leave to appeal and subsequently in December of 1961 Judge McCree's successor, Judge Canham, denied a motion for rehearing after taking additional testimony thereon. Appellant thereupon filed in this Court a claim of appeal in January of 1962.

The application for leave to take delayed appeal from the probate order does not set forth any of the "substance of the record and proceedings" in the probate court, as was then required by our Court Rule No 75, § 7 (1945), as amended (326 Mich xl), nor does it show "by affidavit or otherwise that there is merit" in the attempted appeal as provided by Court Rule No 75, § 6(d) (1945), as amended, or that "justice requires a revision of the case" as provided by CL 1948, § 701.43 (Stat Ann 1962 Rev § 27.3178 [43]). As a matter of fact, the allegations contained in the application filed in the circuit court relate only to appellant's claimed ability *then* to provide a suitable home for her children; there are no allegations denying that she had neglected her children nor even challenging the sufficiency of the evidence from which the probate judge made such finding. If these deficiencies were sought to be corrected by the testimony offered in circuit court and accepted by Judges McCree and Canham, we are not favored with

---

[2] Court Rule No 75, § 2 (1945), as amended (326 Mich xxxviii), and CL 1948, § 712A.22 (Stat Ann 1962 Rev § 27.3178[598.22]).

[3] Court Rule No 75, § 6 (1945), as amended (326 Mich xl), and CL 1948, § 701.43 (Stat Ann 1962 Rev § 27.3178[43]).

a transcript of such testimony from which we could review their determinations.

When our jurisdiction is invoked properly on appeal from a circuit judge's grant or denial of the right to take a delayed appeal from the probate court, the appeal before us is by mandamus to review the circuit judge's exercise of his judicial discretion in passing upon the showing made and any answer thereto. *Sanborn* v. *Circuit Judge*, 94 Mich 519; *Schmid* v. *Wayne Circuit Judge*, 298 Mich 499; and *In re Gillespie Estate*, 348 Mich 256. The application filed with the circuit court was fatally defective on its face for failure to comply with the mentioned requirements of the cited court rules and statute and for failure to allege even that the probate judge's challenged finding of neglect was erroneous. Had Judge McCree denied the application summarily, appellant would have had no basis for appeal. Instead, however, he took testimony, as did Judge Canham on rehearing, and still found no merit in the attempted appeal. Absent such testimony from this record, there is nothing before us from which we can judge what was done below. For this reason we conclude that the appeal must be dismissed.

We have examined carefully the entire record for a reviewable question and find none. Had appellee challenged the appellant's right to appeal by claim of right, we would have planted decision of dismissal upon appellant's failure to obtain from this Court leave to appeal as was required by former Court Rule No 60, § 1(b) (1945), as amended (364 Mich xiv) in all cases where the remedy of review is by mandamus.

Appeal dismissed. Costs may be taxed by appellee.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, Smith, and O'Hara, JJ., concurred.